Dear Ms. Faria,
We have received your request for an attorney general's opinion regarding the public defender services in the 11th
and 42nd Judicial Districts.
Act No. 416 of the 2007 Regular Session of the Louisiana Legislature ("Act 416") split the 11th Judicial District, effective January 1, 2009. Prior to passage of Act 416, the 11th Judicial District was a two-parish district comprised of Sabine and DeSoto Parishes. Act 416 divided the 11th Judicial District along parish lines. Sabine Parish remains alone in the 11th
Judicial District and DeSoto Parish makes up the newly-created 42nd Judicial District.
Act 416 anticipated and provided for a number of effects that would result from the split and provided for judges, law clerks, court reporters, and assistant district attorneys. However, it made no provision for public defender services. Prior to January 1, 2009, the Office of Public Defender for the 11th Judicial District was a single political subdivision. After Act 416 became effective, the former 11th Judicial District became the "new" 11th Judicial District and the 42nd
Judicial District. However, Act 416 made no mention of how the former 11th Judicial District's reserve funds were to be distributed.
Mr. Steven Thomas was the public defender in the former 11th Judicial District. Mr. Thomas now serves as the public defender of the newly-created 42nd
Judicial District as well as the 11th Judicial District. Pursuant to La.R.S. 15:162(H), the Louisiana Public Defender Board has assigned Mr. Thomas to manage and supervise public defender services in both districts. In doing so, a question has arisen as to whether the 11th and 42nd Judicial Districts can enter into a cooperative endeavor agreement to provide for the disposition of the former 11th Judicial District's reserve funds totaling $385,790. A copy of the proposed cooperative endeavor agreement was included with your opinion request. *Page 2 
Cooperative endeavor agreements are authorized by La.Const. art. VII, Sec. 14(C), which provides:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Section (C) merely supplements the prohibition against gratuitous donations contained in section (A) of La.Const. art. VII, Sec. 14. It does not create an exception or exemption from the general constitutional norm. Therefore, even though the expenditure of public funds and transfer of public property is being done pursuant to a cooperative endeavor agreement, the expenditure still must be examined in light of La.Const. art. VII, § 14(A), which provides, in pertinent part, as follows
 Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
The proposed cooperative endeavor agreement expressly states that "each of the Judicial Districts has a reasonable expectation of receiving a benefit or value that is at least equivalent to the consideration that is described in this Agreement" and that the "transfer or expenditure of public funds or property is not a gratuitous *Page 3 
donation." It then goes on to state the obligations each party to the Agreement is incurring. While this declaration does not in itself satisfy the Cabela's standards, which must be applied to the reality of the transactions, it nevertheless shows that the parties to the agreement have considered whether the mutual obligations are of roughly equivalent value.
In the proposed cooperative endeavor agreement, the 42nd Judicial District agrees to provide all public defender services for, on behalf of, and in the name of the 11th Judicial District. In consideration thereof, the 11th Judicial District agrees to forego any claim, right or interest that it has to the former 11th
Judicial District's reserve fund and transfers the proceeds in that fund to the 42nd Judicial District. The 11th Judicial District further agrees to transfer, assign, and pay over to the 42nd
Judicial District any monies it receives from any source that can be used for purposes of paying for or otherwise defraying the costs of public defender services.
It is clear that a public purpose is served by the execution of this cooperative endeavor agreement; specifically, paying for and providing public defender services to the 11th and 42nd Judicial Districts. By entering into the cooperative endeavor agreement, each District agrees to undertake certain obligations (the 42nd District agrees to provide public defender services while the 11th
Judicial District agrees to transfer the proceeds of the former 11th Judicial District's reserve fund to the 42nd Judicial District) in exchange for services or value. Therefore, we can conclude that the expenditure of public funds in the proposed cooperative endeavor agreement is not gratuitous.
Accordingly, it is the opinion of this office that the proposed cooperative endeavor agreement between the 11th and 42nd Judicial Districts is permissible under La.Const. art. VII, Sec. 14(A) and (C). We note that this opinion only addresses what may be done with the former 11th
Judicial District's reserve fund that was in existence prior to the split into the 11th and 42nd Judicial Districts. We offer no opinion on whether, if at all, funds collected in the future may be administered through a cooperative endeavor agreement.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt